DAVID SMITH

*v.*

WM. P. GRAVES.

1. EVIDENCE—*res gestæ.* When the question of the payment of a note, by the giving of a larger note, was in dispute, and it appeared that the maker had subsequently given the plaintiff other notes, and. had, long after the maturity of the note alleged to have been so paid, wrote to the plaintiff, directing him to present the notes he held against the maker at a

certain bank for payment, and plaintiff accordingly presented the subsequent notes, but not the one in dispute, and they were paid, and the court admitted the letter in evidence on the part of the defendant as tending to show that the note had been paid: *Held*, that the letter was properly admitted as a part of the *res gestæ*.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of assumpsit by the appellant against the appellee, upon a promissory note of $217.10.

The facts showed that appellee applied to appellant for a loan of $400 of school money, appellant being treasurer of the township, and that not then having that amount on hand, he loaned appellee $217.10, and took the note in controversy. It was contended by appellee that afterwards the appellant, having received enough school money to make up the $400, took appellee's note, payable to himself as treasurer, for the latter sum, and paid appellee the balance of $182.90 to make up the $400, and promised to give up or destroy the note sued on.

The question submitted to the jury was, whether the first note was paid by giving the note of $400 and receiving the $182.90.

It further appeared that, after this, appellee borrowed of appellant several other sums of money, for which he gave his notes. About two years after the date of the note sued on, appellee wrote to appellant, directing him to present the notes he held against appellee at the Howes bank, and they would be paid. Appellant accordingly presented the subsequent notes and they were paid, but he did not present the note sued on, or write to appellee anything about it, although it was nearly three years overdue. The appellant was notified to produce this letter, which he failed to do, claiming that it was lost. One of the errors assigned was, that the court erred in permitting appellee to prove the directions contained in this letter, because it was not a part of a correspondence, and was not answered.

The jury found the issues for the defendant below.

Messrs. KERRICK & ALDRICH, for the appellant.

Messrs. WILLIAMS & BURR, for the appellee.

Per CURIAM: This was an action on a promissory note, and the only question submitted to the jury was, whether it had been paid. They found it had been, and we think rightly. The objection that the letter written by the plaintiff was improperly admitted in evidence, is not well taken. It was part of the *res gestœ.*

*Judgment affirmed.*